IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DEIONTE JAMARQUAVIOUS MINCEY, | : | |
| | : | Criminal Case No. |
| Petitioner, | : | **7:22-CR-23 (WLS)** |
| | : | |
| VS. | : | 28 U.S.C. § 2255 Case No. |
| | : | **7:23-CV-133 (WLS)** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**RECOMMENDATION**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Doc. 40.) Petitioner's Motion is now before the Court for a Recommendation pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings.

**I.   PROCEDURAL HISTORY**

On June 15, 2022, an Indictment was filed charging Petitioner with two counts of possession of a firearm by a convicted felon. (Doc. 1.) On April 25, 2023, Petitioner, represented by appointed counsel, pled guilty to one count of possession of a firearm by a convicted felon. (Docs. 27, 29.) The Court entered judgment on September 12, 2023, imposing a total sentence of 27 months of imprisonment followed by three years of supervised release and a $100.00 mandatory assessment fee. (Doc. 37.) Petitioner waived his right to seek a direct appeal. (Doc. 39.)

**II.  GROUNDS FOR RELIEF**

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of

> the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at (b).

Petitioner's Motion raises four grounds of relief:

1. Petitioner's conviction under 18 U.S.C. § 922(g) is "now considered unconstitutional." (Doc. 40 at 4.)

2. Petitioner's conviction has been improperly designated as "a crime of violence" by the Bureau of Prisons ("BOP"), and such designation "added time" to Petitioner's sentence. *Id* at 5.

3. Petitioner "should have time served" because he "has served over 50% of [his] sentence." *Id.* at 6.

4. Even if Petitioner's conviction is valid, he should receive a "sentence reduction under 18 USC 3582(c)(2)." *Id.* at 8.

***Evidentiary Hearing***

"[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (citation omitted). However, the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States. v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (per curiam) (citation omitted). "A hearing is not required on patently frivolous claims or those which are based upon

unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)).

The Court finds that the record herein is sufficient to show that Petitioner's claims lack merit as a matter of law or are otherwise affirmatively contradicted by the record.

### III. DISCUSSION

#### A) Constitutionality of 18 U.S.C. § 922(g)(1)

The Eleventh Circuit Court of Appeals has held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). Recent decisions from the U.S. Supreme Court interpreting the Second Amendment have not disturbed this principle. *See United States v. Whitaker,* 2024 WL 3812277 at *3 (11th Cir. 2024) ("[C]hallenges to the constitutionality of § 922(g)(1) are foreclosed by our binding precedents…Neither *Bruen* nor *Rahimi* abrogated *Rozier*….").

Plaintiff argues that 18 U.S.C. § 922(g) "ha[s] been deemed unconstitutional," and that he should therefore be released. (Doc. 40 at 4.) However, Petitioner fails to cite any binding or persuasive authorities supporting this argument.[1] Accordingly, this claim provides no basis for vacating Petitioner's conviction or sentence.

#### B) Petitioner's BOP Classification

Petitioner asserts that "BOP Sentry lists [his] current sentence [and] conviction as 'violent.'"

---

[1] Petitioner refers to an "unpublished decision," and cites to "Washington, 139 S. Ct. 1391." (Doc. 40 at 4, 8.) None of the cases appearing on this page of the Supreme Court Reporter include a party named "Washington," and the Court is unable to otherwise identify the case Petitioner is attempting to cite.

(Doc. 40 at 5.) Petitioner further asserts that this "listing has added time" to his sentence. *Id.*

Nothing in the record indicates that the sentencing court imposed a longer sentence on Petitioner based on any "violence" classification. According to Petitioner's Final Presentence Investigation Report, the only modification made to his Base Offense Level was a two point *reduction* for acceptance of responsibility. (Doc. 34 at 6.) Thus, Petitioner has failed to demonstrate that his sentence was invalidly enhanced, or otherwise improper.

To the extent Petitioner is challenging the BOP's *execution* of his sentence, rather than challenging the *validity* of his sentence, this Court cannot address that argument for two reasons. First, such a claim must be brought in a § 2241 petition, and not a § 2255 motion to vacate. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Second, a § 2241 petition "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Petitioner's current address of record is the Jesup Federal Correctional Institution, which is located in the Southern District of Georgia. Thus, to the extent Petitioner seeks to present a § 2241 petition, this Court lacks jurisdiction to grant such a petition. *See United States v. Jenkins*, 2021 WL 4949281 at *2 (S.D. Ga. 2021) ("Defendant is incarcerated at FCI Jesup in Jesup, Georgia. Accordingly, if Defendant wishes to challenge the BOP's calculation of his sentence, Defendant must…file a § 2241 petition for sentencing credit in the United States District Court for the Southern District of Georgia….").

### C) *"Time Served" and Supervised Release*

In his third ground for relief, Petitioner asserts he "should have time served." (Doc. 40 at 6.) Petitioner then notes that he "has served over 50% of [his] sentence." *Id.* Finally, Petitioner asserts that his "supervised release of 3 [years] should be vacated" because he "cannot be ordered to

4

probation on an invalid charge." *Id.* While it is unclear what exactly Petitioner is arguing in this portion of the Petition, the Government construes Petitioner to be alleging "that he has already served fifty (50) percent of his sentence and is therefore entitled to credit for time served." (Doc. 44 at 5.)

"A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). As the Court outlined above, a § 2241 petition must be brought in the district where Petitioner is incarcerated. *Fernandez*, 941 F.2d at 1495; *see also United States v. Pruitt,* 417 F. App'x 903, 904 n. 2 (11th Cir. 2011) (affirming the dismissal of a "motion for credit for time served" that was filed in the Northern District of Florida because petitioner was incarcerated in the Middle District of Florida). Accordingly, to the extent Petitioner asserts he is being denied credit for time served, this Court lacks jurisdiction to address that argument.

Furthermore, Petitioner's assertion that he cannot be validly sentenced to supervised release appears to be a repetition of Petitioner's argument that 18 U.S.C. § 922(g) is unconstitutional. To the extent Petitioner requests his sentence of supervised release be vacated on these grounds, the Court reiterates that 18 U.S.C. § 922(g) is not unconstitutional. *Rozier*, 598 F.3d at 771.

### D) *Motion for Sentence Reduction Under 18 U.S.C. § 3582*

In his final ground for relief, Petitioner asserts that he "is qualified for sentence reduction under 18 USC 3582(c)(2)." (Doc. 40 at 8.) However, a request for a sentence reduction is not properly addressed in a § 2255 motion, and must instead be pursed in a separate motion under § 3582.[2] *Bernabe v. United States*, 2016 WL 8736990 at *1 (N.D. Ga. 2016), *report and*

---

[2] Petitioner indicates that he "is filing [a] separate motion" to request a sentence reduction, though such a motion has yet to be filed. (Doc. 40 at 8.)

*recommendation adopted*, 2016 WL 5329605 (N.D. Ga. 2016); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (finding a petitioner cannot seek collateral review under § 2255 based on a misapplication of the Sentencing Guidelines "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice'") (quoting *United States v. Addonizio,* 442 U.S. 178, 185 (1979)) (alteration in original). Furthermore, even if Petitioner could pursue a motion to reduce sentence in his motion to vacate, he fails to identify any factual or legal basis that would justify a reduction in his sentence.

## IV) CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Petitioner's Motion to Vacate (Doc. 40) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of this Recommendation to which objection is made; all other portions of this Recommendation may be reviewed by the district judge for clear error. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. Ga. L.R. 7.4.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, the undersigned **RECOMMENDS** that the Court **DENY** a certificate of appealability in its final Order. If Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 9th day of September, 2024.

s/ ***THOMAS Q. LANGSTAFF***  
UNITED STATES MAGISTRATE JUDGE